**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**J.T. COLE, JR., #42050**                                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 4:07-cv-43-HTW-LRA**

**STATE OF MISSISSIPPI, et al.**                                               **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Cole is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  The named defendants are: State of Mississippi;  Robert W. Bailey, Judge;  Shane Williams, Probation Officer;  Andy Davis, Assistant District Attorney;  Don D. Nester, Superintendent;  Unknown Rayner, Constable;  Kim Reese, Jail Administrator and Jane Doe, Court Reporter.[1]  Upon liberal review of the complaint and responses, the Court has reached the following conclusions.

<u>Background</u>

Plaintiff states that on September 5, 2003, he was convicted of larceny by the Marion County Circuit Court.  Plaintiff asserts that he completed his sentence for this crime and he was released from the Mississippi Department of Corrections on May 6, 2006, with a full discharge.  Plaintiff contends he was arrested on a probation violation on June 2, 2006.  Plaintiff complains that this arrest was based on an old warrant for a conviction from the

---

[1] Although Rayner, Reese and Jane Doe are listed as defendants on the docket of this case, it appears the Plaintiff is naming these individuals as witnesses.

early 1980's, which he had fully completed.  Plaintiff attaches a copy of an order revoking probation entered by Lauderdale County Circuit Court on August 1, 2006, wherein he was sentenced to serve three years for violating his probation on a burglary conviction.  Although, the order does not state the date of the burglary conviction which is the basis for the revocation, it does list "failure to report since August 1989" as one of the reasons for revocation.

Plaintiff alleges that his constitutional rights were violated by the defendants actions concerning the revocation of his probation on August 1, 2006.  Plaintiff complains that he has fully completed this sentence and the violation of probation is illegal and has resulted in his current unlawful incarceration.[2]  As relief in this action, Plaintiff requests that he be awarded monetary damages, expungement of  records since 1981, and he would like an investigation of Judge Bailey and those involved for "judicial performance and mis-use of authority." *Comp. [1]*, p.23.

Analysis

Title 28 U.S.C. §1915, applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2), provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority

---

[2]Even though Plaintiff pled guilty to possession of cocaine on March 20, 2007, in the Lauderdale County Circuit Court, cause number 696-06, the sentencing order directs the resulting one-year term of imprisonment to run *consecutive* to any other sentence.

to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power

to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827,

1833, 104 L. Ed. 2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct.

1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A*., 23 F.3d 94, 97 (5th Cir.1994).

"[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*,

affirmative defenses that are apparent from the record even where they have not been

addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

"Significantly, the court is authorized to test the proceeding for frivolousness or

maliciousness even before service of process or before the filing of the answer." *Id.*  The

Court has permitted Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint

is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

Plaintiff's claims are precluded by the United States Supreme Court case of *Heck v.*

*Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).  In *Heck*, the Court

addressed whether a claim for monetary damages which essentially challenges a plaintiff's

conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such

a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that
> relationship to a conviction or sentence that has not been so invalidated is not

3

cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendants alleged actions, it would necessarily imply the invalidity of his current sentence and imprisonment.[3]  In addition, Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id* at 2372.[4]  Therefore, the Court has determined that Plaintiff's claims are barred by *Heck*, at this time.

<u>Conclusion</u>

As discussed above, Plaintiff's claims are barred by *Heck v. Humphrey*, at this time. As such, this action will be dismissed, with prejudice,[5] for Plaintiff's failure to state a claim,

---

[3]To the extent the Plaintiff may be seeking the dismissal of his three-year probation revocation sentence, his claim is not cognizable under § 1983.  A prisoner's claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief.  The Court is not reaching any determination regarding the viability of Plaintiff's habeas claims, nevertheless the Court will direct the Clerk to mail the Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

[4]The Court entered an order which specifically directed the Plaintiff to state if the complained of convictions and/or sentences had been invalidated by any of these means.

[5]*See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), claims barred by *Heck* are

pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[6]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

THIS the 31st day of August, 2007.

s/ HENRY T. WINGATE
 CHIEF UNITED STATES DISTRICT JUDGE

---

properly dismissed with prejudice "until the Heck conditions are met."

[6]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."